EMBRY, Justice.
This is an appeal from a judgment adverse to J.C. McAleer in a declaratory judgment action filed by L.W. Noonan in his official capacity as Judge of Probate of Mobile County.
The events which gave rise to filing of this action began when J.C. McAleer was elected, under provisions of Act No. 3 of the 1890-1891 General Assembly, to the office of General Administrator for Mobile County, defeating the incumbent, Murray G. Hill, Jr. After McAleer assumed office, a controversy arose between him and Hill regarding the latter’s right to continue administration of estates for which he had been appointed administrator while he held the office of General Administrator. Because of this controversy, Judge Noonan filed this action seeking a judgment:
“defining the rights, duties, status, authority and legal relations between these parties [McAleer and Hill] vis-a-vis all pending estates committed to the defendant Hill while acting in his capacity as General Administrator of Mobile County; and determining], if Hill remains as Administrator of those certain cases, whether he is properly bonded to the probate Court of Mobile County given the general style of bond as herein noted....”
After trial of the cause, the following was entered:
“THIS CAUSE having come on to be heard on the 6th day of July, 1983, the Court having heard testimony ore tenus, received various exhibits of the evidence, and heard arguments of counsel, and having taken the case under submission;
“Based upon pleadings, proof, and arguments in this cause, the Court makes the following ruling:
*963 “1. The Court finds that the Plaintiff in this cause is entitled to a declaratory judgment. The Court further finds that the cross-claim by Defendant, J.C. McA-leer, is entitled to a declaratory judgment defining the rights, duties, status, authority and legal relations between the parties. Because of the ultimate findings of the Court, the Court determined that the cross-claim of Defendant, MURRAY G. HILL, JR., is moot.
“2. The Court finds that the statutes which create and affect the office of the General Administrator of Mobile County create an additional class of individuals who may be appointed as administrator of estates.
“3. The Court finds that letters of administration which were issued to MURRAY G. HILL, JR., as general Administrator of Mobile County, Alabama, were issued to MURRAY G. HILL, JR., the individual, and not to the office of General Administrator, and that consequently, the Court finds that MURRAY G. HILL, JR., is legally serving as administrator in those estates to which he was duly appointed, and subject to all of the statutes, laws, and rules regarding the administration of estates. Consequently, the Court finds that a newly elected General Administrator does not assume the administration of the estates previously committed to his predecessor in this instance, and that failure of a General Administrator to be re-elected is not synonymous with the cessation [of] his authority under Section 43-2-550, Code of Alabama 1975.
“4. The Court finds that MURRAY G. HILL, JR., is administrator of the respective estates to which he has been appointed administrator, serve[s] as administrator, subject to the statutes, laws, and rules of Court which may be appropriate, and any defalcation in his duties as such may be acted upon by Probate Judge in the Probate Court of Mobile County, Alabama, upon appropriate petition.
“5. The Court observes that to require the former General Administrator of Mobile county to resign in approximately 120 estates, and a successor be appointed, would be burdensome to the heirs at law, next of kin, legatees, creditors, or others interested in the estates, by additional costs and fees.
“6. The Court specifically does not preempt the duties, responsibilities, or prerogatives of the Probate Judge and the appointment of administrators in individual estates, nor the prerogatives of the Probate Judge to remove an administrator, upon proper proceedings being held, under such procedures as may be established by law.
“Based upon the above findings of the Court, it is ORDERED by the Court that with reference to letters of administration issued to MURRAY G. HILL, JR., who was formerly General Administrator of Mobile County, Alabama, during his term [of] office, that he is entitled to continue to serve as administrator of those estates, the letters of administration having been issued to him as an individual, and not to this office.
“The costs of this proceeding having been prepaid, no Order is issued with reference thereto.”
Careful review of the record, applicable statutes, and the evidence, and reference to the judgment, compel us to conclude that the judgment is amply supported in fact and law and therefore due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.